PER CURIAM:
On or about May 26, 1990, the claimant, a resident of Boomer, Fayette County, contracted with a third party to have broken tree limbs removed from his property. After expending $300.00 for the tree trimming, the claimant learned that the tree was within the State’s right-of-way, and that respondent would have removed the tree limbs at no expense to the claimant. It is uncontroverted that the location of the tree is within the State’s right-of-way adjacent to U.S. Route 60, property lot 55, Smithers, Fayette County. The issue before the Court is whether the claimant, as a volunteer, may be reimbursed for the $300.00 he incurred by having the tree limbs removed.
The actions of the claimant in safeguarding the right-of-way and underlying roadway from the potential danger of falling tree limbs is admirable. However, this is not a case where the respondent failed to perform the tree work. The respondent simply was not informed *105 of the matter. It appears from the testimony that if the respondent had been aware of the broken tree limbs, it would have responded promptly. Testimony indicates that respondent did act promptly after a storm in May of 1991 when there was damaged a tree in the same right-of-way. It was after the occurrence of that storm in May 1991 that the claimant realized that the respondent should have removed the tree limbs one year earlier for which claimant assumed the responsibility.
The Court finds that the claimant was a “volunteer” by having the broken tree limbs removed at his own expense from the right-of-way, when such removal would have been performed at no expense to the claimant by the respondent. The West Virginia Supreme Court of Appeals has ruled that one acting as a volunteer must notify the party upon which an obligation to act may be first charged before the volunteer may expect to be compensated for his/her intervention. Hill v. Ryerson & Son, Inc., 165 W.Va. 22, 268 S.E.2d 296 (1980). Accordingly, a volunteer’s unilateral act, albeit reasonable and undertaken in good faith, cannot bind the responsible party, without notice and an opportunity to first act. Jennings v. U.S., 374 F.2d 983, 986 (4th Cir. 1967). As notice of the broken tree limbs and an opportunity to maintain these limbs was not afforded the respondent, this Court cannot award the expenses voluntarily incurred by the claimant in the removal of the tree limbs.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.